# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **DIANE TULLY,** **Plaintiff,** v. **NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,** **Defendant.** | **MEMORANDUM DECISION AND ORDER** Case No. 2:16-cv-01084-PMW **Chief Magistrate Judge Paul M. Warner** |

Before the court is Diane Tully's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various mental impairments. On September 6, 2013, Plaintiff applied for DIB and SSI, alleging disability beginning on May 31, 2012.[2] Plaintiff's

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 21.

[2] *See* docket no. 9, Administrative Record ("AR ___") 176-81, 182-95.

applications were denied initially and upon reconsideration.[3] On May 16, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on October 6, 2015.[5] On December 1, 2015, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[6] On September 28, 2016, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On October 27, 2016, Plaintiff filed her complaint in this case.[8] The Commissioner filed her answer and the administrative record on January 19, 2017.[9] On January 23, 2017, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10] Consequently, this case was assigned permanently to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] *See* AR 85-88.

[4] *See* AR 133-35.

[5] *See* AR 34-60.

[6] *See* AR 14-33.

[7] *See* AR 1-4.

[8] *See* docket no. 3.

[9] *See* docket nos. 7, 9.

[10] *See* docket no. 16.

[11] *See id*.

Plaintiff filed her opening brief on March 17, 2017.[12]  The Commissioner filed her answer brief on April 21, 2017.[13]  Plaintiff filed her reply brief on May 5, 2017.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a

---

[12] *See* docket no. 17.

[13] *See* docket no. 19.

[14] *See* docket no. 20.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) by failing to properly evaluate the opinions of Amy Christensen, APRN ("Ms. Christensen") and (2) in the evaluation of the opinions from several other sources. The court will address those arguments in turn.

**I.     Ms. Christensen**

Plaintiff contends that the ALJ erred in his evaluation of Ms. Christensen's opinions. As an APRN, Ms. Christensen is considered an other medical source under Social Security Ruling ("SSR") 06-03p. Pursuant to SSR 06-03p, an ALJ should evaluate opinions from other medical sources using the factors applied to opinions from acceptable medical sources. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the

ALJ's attention which tend to support or contradict the opinion. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). SSR 06-03p makes clear that not every factor will apply in every case. *See* SSR 06-03p.

In this case, the ALJ determined that Ms. Christensen's opinions were entitled to little weight because they were inconsistent with other evidence in the record and because they were in the form of a list of checked boxes with little supporting explanation.[15] Plaintiff presents arguments for each of the reasons the ALJ relied upon.

First, Plaintiff contends that while the ALJ cites to one inconsistency in the decision, there is actually no inconsistency. In the decision, the ALJ cites to Ms. Christensen's opinion that Plaintiff would miss four days of work per month. The ALJ contrasts that opinion with the statement of one of Plaintiff's work managers, who stated that Plaintiff had missed ten days of work in the past year. Plaintiff contends that this is not an inconsistency because Ms. Christensen opined about how many days of work Plaintiff would miss in a 40-hour work week, but Plaintiff was only working 15 hours per week. Plaintiff maintains that it was not reasonable for the ALJ to rely upon the statement from Plaintiff's work manager to contradict the limitations opined by Ms. Christensen.

The court concludes that Plaintiff argument fails. The court cannot say that it was unreasonable for the ALJ to rely upon the noted inconsistency. In essence, Plaintiff is asking this court to substitute its judgment of the evidence for the judgment made by the ALJ. That is an unavailing argument on appeal. *See Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983) (providing that when the evidence permits varying inferences, the court may not substitute its

---

[15] *See* AR at 25-26.

judgment for that of the ALJ); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). The noted inconsistency was a proper factor for the ALJ to rely upon in giving Ms. Christensen's opinions little weight. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Second, Plaintiff contends that the ALJ erred by determining that Ms. Christensen's opinions were only in the form of a list of checked boxes with little supporting explanation. Plaintiff argues that the ALJ's determination "ignores" other evidence submitted into the record by Plaintiff. Plaintiff maintains that Ms. Christensen is part of Plaintiff's "treatment team" and that Plaintiff submitted approximately 500 pages of notes from that "treatment team" into the record. Plaintiff also argues that Ms. Christensen's opinions are not, as the ALJ determined, merely a list of checked boxes.

As for Plaintiff's argument concerning the records from her "treatment team," the court concludes that the ALJ did not, as Plaintiff contends, "ignore" that evidence. To the contrary, it is clear from the ALJ's decision that she did consider the records from Plaintiff's "treatment team."[16] Further, Plaintiff has failed to persuade the court that those "treatment team" records must be considered as supportive evidence of Ms. Christensen's opinion. Plaintiff has likewise failed to persuade the court that the ALJ erred by determining that Ms. Christensen's opinions

---

[16] *See* AR 23-25.

7

were merely in the form of a list of checked boxes with little supporting explanation. In the court's view, Ms. Christensen's opinions, standing on their own, were correctly described by the ALJ as being a list of checked boxes with little supporting explanation. That was a proper factor for the ALJ to rely upon in giving Ms. Christensen's opinions little weight. *See* SSR 06-03p; 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

## II. Other Sources

Plaintiff argues that the ALJ erred in the evaluation of the opinions of the following other sources: (A) one of Plaintiff's case managers, Kathryn Brooksby ("Ms. Brooksby"); and (B) a vocational rehabilitation counsel who has worked with Plaintiff, Diane Curtis ("Ms. Curtis"), and another one of Plaintiff's case managers, Lisa Goodman ("Ms. Goodman").

### A. Ms. Brooksby

Plaintiff contends that the ALJ erred in evaluating the opinions of Ms. Brooksby. The ALJ noted that Ms. Booksby opined that Plaintiff had certain limitations relative to the type of work she could perform and the number of hours she could work.[17] In her decision, the ALJ concluded that Ms. Brooksby's opinions were entitled to little weight.[18] In support of that conclusion, the ALJ relied on several inconsistencies between Ms. Brooksby's opinions about Plaintiff's limitations and other evidence in the record. The ALJ relied upon the following facts gleaned from the record: (1) Plaintiff had shown in the recent past that she was able to perform well at work and attend school; (2) Plaintiff's work manager noted that Plaintiff's work was satisfactory and that she was dependable; (3) Plaintiff had begun to submit many job

---

[17] *See* AR 26.

[18] *See id*.

applications; and (4) Plaintiff showed good interaction with customers and a good demeanor at work.[19]

The court concludes that the ALJ did not err in her evaluation of Ms. Brooksby's opinions. To the contrary, the ALJ properly relied upon all of the above-referenced inconsistencies in reaching the conclusion that Ms. Brooksby's opinions were entitled to little weight. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). While Plaintiff takes issue with each of those inconsistencies, her arguments are nothing more than an attempt to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

---

[19] *See id.*

### B. Ms. Curtis and Ms. Goodman

Plaintiff contends that the ALJ erred by failing to indicate the weight assigned to the opinions of Ms. Curtis and Ms. Goodman. In her decision, the ALJ concluded that Ms. Curtis and Ms. Goodman did not actually offer any opinion evidence and, as such, no weight was assigned to their statements. The Commissioner does not dispute that the ALJ did not weigh the statements of Ms. Curtis and Ms. Goodman. However, the Commissioner argues that those statements do not constitute opinions and, consequently, the ALJ was not required to weigh them. The court agrees with the Commissioner.

Pursuant to the relevant regulations, "opinions are statements . . . that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his or her] symptoms, diagnosis and prognosis, what [he or she] can still do despite impairment(s), and [his or her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). After reviewing the statements of Ms. Curtis and Ms. Goodman against that standard, the court agrees with both the Commissioner's argument and the ALJ's assessment of the statements. The Commissioner correctly notes that the statements of Ms. Curtis and Ms. Goodman are merely an account of their respective interactions with Plaintiff and her self-reported symptoms and limitations. In other words, neither Ms. Curtis nor Ms. Goodman offered opinions that the ALJ was required to weigh. Accordingly, the court concludes that the ALJ did not err in failing to assign weight to the statements of either Ms. Curtis or Ms. Goodman.

## **CONCLUSION AND ORDER**

In summary, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of March, 2018.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge